# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE RUTHERFORD,<br><br>Plaintiff<br><br>v.<br><br>JAG TRUCKING, Inc. et al.,<br><br>Defendants. | CASE No. 1:19-cv-00033-LJO-JLT<br><br>**ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED AND MERGED INTO A SINGLE CASE** |
| LEONEL GONZALEZ et al.,<br><br>Plaintiffs.<br><br>v.<br><br>JAG TRUCKING, Inc. et al.,<br><br>Defendants. | CASE No. 1:18-cv-01046-LJO-JLT<br><br>**ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED AND MERGED INTO A SINGLE CASE** |

On January 10, 2019, the *Stefanie Rutherford v. JAG Trucking, Inc. et al.*, 1:19-cv-00033-LJO-JLT matter ("*Rutherford*") was related to *Leonel Gonzalez et al. v. JAG Trucking, Inc. et al.*, 1:18-cv-01046-LJO-JLT ("*Gonzalez*") and reassigned to the undersigned. (*Rutherford*, Doc. 3.)[1]

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016);

---
[1] The Order relating the two matters contained a typographical error which incorrectly identified the case number of the *Gonzalez* Case as 1:18-cv-01392-LJO-EPG. *Id.*

1 | *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972); *see also Schnabel v. Lui*, 302 F.3d 1023, 1034–35 (9th Cir. 2002).

Here, *Rutherford* and *Gonzalez* both stem from the same motor vehicle accident which occurred on May 8, 2018 involving multiple vehicles on northbound Interstate Highway 5. The only difference appears to be that *Gonzalez* includes additional parties that were involved in the accident and correspondingly additional claims, cross claims, and counterclaims. All the parties involved in *Rutherford* are included as parties in *Gonzalez* as either a Defendant, Cross-Defendant, and/or Counter-Defendant. *Gonzalez* involves different Plaintiffs that were involved in the multi-vehicle accident that are not part of *Rutherford*. Given the similarity between these cases, it appears that consolidating and merging these cases into one case for all purposes may be appropriate. *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases" and may consolidate cases for "all purposes" in appropriate circumstances.) *Cf. Sanchez v. Servis One, Inc.,* CASE NO. 18cv0586 JM(JMA), 2018 WL 2329717, at *2 (S.D. Cal. May 23, 2018); *Intertex, Inc. v. Dri-Eaz Prods., Inc.*, No. C13–165–RSM, 2013 WL 2635028, at *3–4 (W.D. Wash. June 11, 2013).

Before the Court makes any decisions or issues any orders with respect to consolidation, however, it is appropriate to hear from the parties. Therefore, the Court will allow the parties to show cause why *Rutherford* and *Gonzalez* should not be consolidated and merged into one case for all purposes.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, within 10 days of service of this order, the parties may show cause in writing why the *Stefanie Rutherford v. JAG Trucking, Inc. et al.*, 1:19-cv-00033-LJO-JLT matter should not be consolidated and merged into one case with *Leonel*

*Gonzalez et al. v. JAG Trucking, Inc. et al.*, 1:18-cv-01046-LJO-JLT.

IT IS SO ORDERED.

Dated: **January 14, 2019**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE