# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL GONZALEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAG TRUCKING, INC. *et al*, <br><br> Defendants. | 1:18-cv-01046-LJO-JLT <br><br> **MEMORANDUM DECISION AND ORDER RE DEFENDANT TODD KITTINGER'S MOTION TO DISMISS** (ECF No. 45, 48) |

### I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. **INTRODUCTION**

This action stems from a motor vehicle accident that occurred on May 8, 2018, involving multiple vehicles on northbound Interstate Highway 5, one mile south of Grapevine Road in Kern County, California. On June 14, 2018, Plaintiffs Leonel Gonzalez and Jonathan Basulto (collectively "Plaintiffs") sued Defendants JAG Trucking, Inc. ("JAG") and Joshua Nicholson (collectively "Defendants") in Superior Court of the State of California, County of Kern. ECF No. 1, Ex. A. The complaint generally alleges that Defendants negligently owned or operated a tractor trailer which caused Plaintiffs' personal and property damages, in connection with the accident. *Id*. On August 9, 2018, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, submitting that both Plaintiffs are citizens of California and both Defendants are citizens of Oregon. *Id.* at 2. Defendants answered the complaint on August 16, 2018, ECF No. 4, and filed a "Cross-Claim" impleading Juan Carlos Hernandez & Francisco Javier Jimenez Tapia d/b/a Pitufos Transport ("Pitufos"), alleging that Pitufos was the proximate cause of any alleged injuries to Plaintiffs and stating five causes of action, including equitable and implied indemnity, apportionment of fault, contribution, and declaratory relief. ECF No. 5.

The Defendants then filed a first amended "Cross-Claim" and in addition to Pitufos added seventeen additional "cross-defendants" by way of a sixth cause of action for declaratory relief. ECF No. 8.[1] The additional Third-Party Defendants include: (1) Jose Alvarado, (2) Juana Leuvano, (3) Leah Alvardo, (4) Andrew Lerma, (5) Frank Lopez, (6) Isiah Gonzalez, (7) Stephanie Rutherford, (8) Noelle Krawiec, (9) Andres Krawiec, (10) Rafael Martinez, (11) Eduardo Guardia, (12) Stephen Fisher, (13)

---

[1] For the sake of clarity, the Court refers to the first amended "Cross-Claim" as the Third-Party Complaint or "TPC" as it appears Defendants are utilizing Federal Rule of Civil Procedure 14 to implead these additional parties. *See* ECF No. 8 at ¶¶ 13, 73. The impleaded parties will be referred to as the "Third-Party Defendants."

2

Todd Kittinger,[2] (14) Martin Gomez, (15) Mark Blanchard, (16) Ana Rodriguez, and (17) Gilberto Rodriguez. *Id.* at 10. These individuals were allegedly either drivers or passengers of other vehicles involved in the May 8, 2018 collision and Defendants claim that these seventeen Third-Party Defendants "are potential claimants in the underlying lawsuit filed by Plaintiffs herein." *Id.* at ¶ 74. The Third-Party Complaint further contends that Defendants JAG and Nicholson "desire a judicial determination of the percentage or ratio of contributing fault as between all parties so that the actual contributing fault of each party can be determined" and that "[d]eclaratory relief is necessary and appropriate at this time in order to avoid multiplicity of suits and circuit [*sic*] of actions and in order that all parties may ascertain their rights and duties." *Id.* at ¶¶ 76-77. As the basis for jurisdiction in its TPC against these eighteen Third-Party Defendants, Defendants submit that there is original jurisdiction under 28 U.S.C. § 1332 and additionally submit that "[a] defendant may implead a Third-Party Defendant who is of the same citizenship as the plaintiff without destroying diversity if ancillary jurisdiction over the third-party claim is present. (F.R.C.P. 14)." ECF No. 8 at ¶¶ 11, 13.

Of the eighteen Third-Party Defendants named in the TPC, Todd Kittinger makes a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the sixth cause of action against seventeen Third-Party Defendants, arguing that the "Sixth Cause of Action would be better stated as an Interpleader cause of action pursuant to FRCP 22 and not a Declaratory Judgment cause of action pursuant to FRCP 57" and therefore should be dismissed. ECF No. 45-3 at 4. Defendants JAG and Nicholson filed an opposition to the motion to dismiss and Kittinger replied. ECF Nos. 54-55. The matter was taken under submission on the papers pursuant to Local Rule 230(g). For reasons set forth below, Kittinger's motion to dismiss is denied.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the

---

[2] Mr. Todd Richard Kittinger was erroneously sued as Todd Richard Kittenger (herein "Kittinger"). ECF No. 45-3 at 2.

sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

In sum, Third-Party Defendant Kittinger's motion to dismiss submits that because Defendants' Third-Party Complaint is solely seeking a determination of the extent of liability attributable to Defendants for each parties' injuries, "[w]hat the Defendants should be alleging is an Interpleader cause

4

of action pursuant to FRCP 22 and not a Declaratory Judgement cause of action pursuant to FRCP 57" and therefore the sixth cause of action for declaratory relief should be dismissed. ECF No. 45-3 at 5. Kittinger submits no legal authority for the contention that this action should have been brought as an Interpleader action under Federal Rule of Civil Procedure 22 nor does he submit any authority for the proposition that the existence of a better procedural mechanism is an appropriate basis for dismissing a cause of action. Accordingly, the Court declines to address this argument as it made without any supporting legal authority besides the bald contention contained in the motion.[3]

Kittinger submits another argument based on the discretionary nature of the Court's decision to exercise jurisdiction over cases brought pursuant to the Declaratory Judgment Act. ECF No. 45-3 at 5-7. Kittinger argues that the Court should dismiss the sixth cause of action for declaratory relief because "[i]t is not one of the purposes of the declaratory judgement acts [*sic*] to enable a prospective negligence action defendant to obtain a declaration of non-liability." *Id.* at 6. As the sole support for this proposition, Kittinger cites to *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969). *Id.*[4]

---

[3] The Court notes that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Additionally, Federal Rule of Civil Procedure 22 provides that "[t]his rule supplements--and does not limit--the joinder of parties allowed by Rule 20." Fed. R. Civ. P. 22. Because Kittinger has failed to support his contention that availability of another mechanism for relief provides a basis for dismissal of a declaratory judgment claim, the Court declines to further address the unsupported contention.

[4] Kittinger's motion is accompanied by a request for judicial notice ("RJN") for the Court to take notice of the Plaintiffs' and Defendants' joint scheduling report, which was filed in this matter on October 4, 2018. ECF No. 45-2 at 20-28. Kittinger's motion highlights the following assertions contained in the joint statement:

> Plaintiffs 'contend that Defendants, Jag Trucking, Inc. and its driver Joshua Nicholson were negligent in the maintenance and operation of Jag's tractor trailer so as to cause the tractor trailer to become a runaway vehicle on the downhill slope of northbound Interstate 5. **As a result**, 11 other vehicles were involved in this incident, with numerous individuals claiming injuries according to the California Highway Patrol Traffic Collision Report.'. . .
>
> Defendants go on to admit in the Joint Scheduling Report that they 'filed a cross- complaint against [Pitufos Transport] alleging Pitufos Transport caused and/or contributed to the multi-car collision. Pitufos Transport was involved in a separately documented motor vehicle collision immediately prior to the multi-vehicle incident for which Plaintiffs []bring suit. **Defendants assert the Pitufos Transport accident was the sole causal factor leading to the multi-vehicle incident** . . . .'
>
> The Defendants further admit that their 'cross-complaint also included a declaratory relief cause of action **naming all other parties involved in the May 8, 2018 incident <u>in order to consolidate existing and/or potential claims into one action.</u>**' Finally, according to the Defendants, the only 'Contested Facts' in this action are 'i. [t]he extent of liability attributable to Defendants[] [and] ii. [t]he scope and extent of each party's injuries and damages.'

ECF No. 45-3 at 3-4 (emphases and alterations in original) (quoting ECF No. 15, Joint Scheduling Report) (internal citations omitted). However, it is not apparent if or how these statements are pertinent to the legal arguments in Kittinger's motion to dismiss and therefore it appears unnecessary to consider them as they do not provide a basis to grant or deny the motion.

5

1    In response, Defendants/Third-Party Plaintiffs JAG and Nicholson argue that the motion to dismiss should be denied and that a declaratory judgment action cannot be dismissed merely on the ground that another remedy is available. ECF No. 54 at 2. Defendants submit that they brought the Third-Party Complaint "in order to determine of [*sic*] the percentage or ratio of contributing fault as between all involved parties, including Mr. Kittinger, so that the actual contributing fault of each party can be determined and in order to avoid multiplicity of suit." *Id.* Defendants further argue that "Mr. Kittinger's personal disapproval of Declaratory Relief does not warrant granting this motion." *Id.* at 4. The Court agrees. Kittinger's motion to dismiss is not legally well-supported and it is DENIED for the reasons set forth herein.

### A.      Discretion to Adjudicate Under the Declaratory Judgment Act

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction. . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). If a lawsuit seeking federal declaratory relief meets the constitutional requirements of presenting an actual case and controversy and fulfills statutory jurisdictional prerequisites, the district court must also be satisfied, in its discretion, that entertaining the action is appropriate. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (en banc). "[T]he Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority'" and gives federal courts discretion to make a declaration of rights but does not impose a duty to do so. *Id.* at 1223 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)). The district court's discretion is not "unfettered"; instead, "[p]rudential guidance for retention of the district court's authority is found in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 [ ] (1942), and its progeny." *Id.* at 1223; *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) ("The Supreme Court has provided guidance for the exercise of the district court's discretionary decision whether to entertain declaratory relief.").

The Ninth Circuit has read *Brillhart* to articulate three factors that courts should consider when

examining the propriety of entertaining a declaratory judgment action: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225; *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). The *Brillhart* factors are not exclusive and other factors for consideration when determining whether to exercise jurisdiction in declaratory judgment actions include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (quoting *Dizol*, 133 F.3d at 1225 n.5). "Although courts may also consider a number of other factors, the three '*Brillhart* factors remain the philosophic touchstone'" for the analysis. *R.R. St. & Co. Inc.*, 656 F.3d at 975 (quoting *Dizol*, 133 F.3d at 1225). "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" *Robinson*, 394 F.3d at 672 (quoting *Kearns*, 15 F.3d at 144).

**B.      Application**

Here, Kittinger does not dispute that there is jurisdiction or that the constitutional dictates of an actual case or controversy have been met. However, Kittinger argues that the Court, in its discretion, should decline to exercise jurisdiction over this declaratory action based on Seventh Circuit's decision in *Cunningham*. ECF No. 51 at 6-8 (citing 407 F.2d 1165, 1167-68 (7th Cir. 1969)). Kittinger's motion does not address any of the *Brillhart* or other factors that Courts consider in deciding whether to exercise jurisdiction over a declaratory judgment action. In *Cunningham*, "a plaintiff general contractor sought declaratory relief against a sub-contractor and the sub-contractor's allegedly injured employees to determine: (1) plaintiff was not directing the sub-contractor's employees when they were injured and that the employees had no cause of action against plaintiff for their alleged injuries; and (2) the sub-contractor

was liable under the contract to indemnify plaintiff and hold plaintiff harmless if plaintiff was found liable to the employees." *Bou-Matic, LLC v. Ollimac Dairy, Inc.*, No. CV-F-05-203 OWW/SMS, 2007 WL 2898675, at *4 (E.D. Cal. Sept. 28, 2007). The Seventh Circuit, in affirming the district court's dismissal of the declaratory judgment complaint, observed:

> [W]e are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort-feasor would be a perversion of the Declaratory Judgment Act. The primary purpose of that Act is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.

407 F.2d at 1167-1168 (internal quotation marks omitted). Besides the general proposition that tort claims are ill-suited for declaratory relief as articulated in *Cunningham*, the Court has no other basis for declining to exercise jurisdiction since Kittinger did not brief any other relevant factors for the Court's consideration.[5] Other district courts have followed *Cunningham*'s general proposition, albeit in factual contexts that are dissimilar to the one presented here. *See St. Paul Fire & Marine Ins. Co. v. Tug EAST COAST*, No. CIV.A. 01-3333, 2002 WL 1906912, at *4 (E.D. La. Aug. 20, 2002) (collecting cases); *The Mut. Life Ins. Co. of New York v. Adams*, 972 F. Supp. 1386, 1394 (N.D. Ala. 1997) ("Other courts have

---

[5] The Court does not presently have sufficient information before it to make a meaningful evaluation of the *Brillhart* factors besides as stated herein. The Court notes that Defendants here removed a later filed, related state court action, wherein Third-Party Defendant Rutherford sued JAG and Nicholson along with Third-Party Defendants Kittinger and Noelle Krawiec ("*Rutherford* action"). *See Stefanie Rutherford v. JAG Trucking, Inc. et al.*, 1:19-cv-00033-LJO-JLT. This later filed removed action was related to this action but later remanded to state court for lack of subject matter jurisdiction. *Id.* at ECF No. 12. However, the *Rutherford* action involves a smaller subset of the parties named herein and therefore would not resolve the entire controversy. *Cf. Dizol*, 133 F.3d at 1225 ("If there are parallel state proceedings involving the *same issues and parties* pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.") (emphasis added). "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Id.* at 1225. As to the first *Brillhart* factor, the determination of state law issues, this weighs against this Court's exercising jurisdiction but since there is no pending state court action encompassing all the parties named herein, the third *Brillhart* factor, avoiding duplicative litigation, does not weigh against exercising jurisdiction. *See, e.g.*, *Brillhart*, 316 U.S. at 495 (the inquiry may entail "the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."). As to the second *Brillhart* factor, discouraging forum shopping, Kittinger does not present any reason to assume that Defendants/Third-Party Plaintiffs are forum shopping or attempting to gain a procedural advantage. "[T]he desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III[,]" and the Ninth Circuit is "cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court." *R.R. St. & Co. Inc*, 656 F.3d at 982. The Court finds that the second *Brillhart* factor does not weigh for or against exercising jurisdiction.

recognized the undesirability of using declaratory judgment actions to resolve tort claims."); *United Ins. Co. of Am. v. Harris*, 939 F. Supp. 1527, 1531 (M.D. Ala. 1996) (collecting cases) ("although few courts have addressed the issue now before this court, those that have, have almost uniformly concluded that tort claims are ill-suited for declaratory relief"). However, these cases almost uniformly also consider various other factors besides *Cunningham*'s general proposition before declining to exercise jurisdiction in tort-related Declaratory Judgment actions. *See*, *e.g.*, *Harris*, 939 F. Supp. at 1533 ("This court need not determine whether it should buy into *Cunningham Bros.*'s general proposition that tort claims are poorly suited for declaratory relief. Applying several of the factors listed by the Fifth, Sixth, and Tenth Circuits, this court concludes that circumstances presented in this case . . . countenance firmly against the exercise of declaratory relief."); *Buchnan v. Greene*, No. CIV. A. 97-2569-KHV, 1998 WL 184448, at *2 (D. Kan. Mar. 12, 1998) ("Aside from the general proposition that tort claims are ill suited for declaratory relief, as articulated in *Cunningham Bros.,* this Court finds ample reason to decline to entertain plaintiffs' claim for declaratory relief."). "[G]iven the discretionary character of declaratory relief, the decision whether to entertain a declaratory-judgment action in one case is not a precedent in another case in which the facts are different." 10B Charles Alan Wright & Arthur R. Miller et al., Fed. Prac. & Proc. Civ. § 2759 (4th ed.) ("Wright & Miller"). "In addition, it cannot be overlooked that there is no outright prohibition in the Declaratory Judgment Act against the hearing of tort actions." *Harris*, 939 F. Supp. at 1532. "In the appropriate factual circumstances, it has been held that impleader is available in declaratory judgment actions." *Ortiz v. Cordoba*, No. 3:13CV01276 (DJS), 2015 WL 93863, at *2 (D. Conn. Jan. 7, 2015) (citation omitted).

The Court here is not convinced that the general proposition articulated in *Cunningham*, without more, is sufficient to warrant dismissal of the sixth cause of action. The Declaratory Judgment Act "is intended to allow earlier access to federal courts in order to spare potential defendants from the threat of impending litigation" and "is also intended to help potential defendants avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and

obligation of the litigants." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996); *see also Smith v. Transit Cas. Co.*, 281 F. Supp. 661, 670 (E.D. Tex. 1968), *aff'd,* 410 F.2d 210 (5th Cir. 1969) ("One important function of a declaratory judgment is to avoid multiplicity and circuity of actions"). "The declaratory-judgment remedy enlarges the judicial process and makes it more pliant and malleable by putting a new implement at the disposal of the courts. It always is discretionary with the courts whether to make use of this procedure." 10B Wright & Miller, Fed. Prac. & Proc. Civ. § 2751. However, "[i]t would be inconsistent with the remedial purpose of the Act to imply an exception to the Act's coverage without substantial reason." *United Food & Commercial Workers Local Union Nos. 137, 324, 770, 899, 905, 1167, 1222, 1428, & 1442 v. Food Employers Council, Inc.*, 827 F.2d 519, 524 (9th Cir. 1987). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)

Defendants here submit that they "seek [a] determination [of] the rights and responsibilities of *all involved parties* and [seek to] avoid multiplicity of suit." ECF No. 54 at 5. Under Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*." Fed. R. Civ. P. 14(a)(1) (emphasis added). Here, viewing the Third-Party Complaint in the light most favorable to Defendants, it appears that they contend that these seventeen Third-Party Defendants may be liable to it for all or part of Plaintiffs' claims against them. "[I]f there is any possible scenario under which the third party defendants may be liable for all or part of the defendants' liability to the plaintiffs, the third party complaint should be allowed to stand." *Banks v. City of Emeryville*, 109 F.R.D. 535, 540 (N.D. Cal. 1985).[6] Additionally, Kittinger is one of seventeen defendants named in the sixth cause of action and

---

[6] The Court notes that "[i]t is well settled that Rule 14 creates no substantive rights to reimbursement, contribution or indemnity, but merely simplifies procedure, where such a right exists, by allowing its determination at the trial of original claim." *Banks*, 109 F.R.D. at 541 (internal quotation marks and citation omitted). Substantive rights to contribution or indemnity are determined by state law. *Id.* The Court does not reach the issue of whether the substantive law of California

none of the other parties have moved to dismiss. Accordingly, to date it appears that "considerations of practicality and wise judicial administration" weigh strongly in favor of exercising this Court's discretion to hear the declaratory judgment action since all the twenty-two parties involved in the accident appear to be joined in this action. *See Wilton*, 515 U.S. at 288. As none of the other parties have requested dismissal based on the consideration of discretionary factors under the Declaratory Judgment Act, it also appears that consideration of convenience to the other parties weighs against dismissal of the case at this stage. *See, e.g.*, *Robinson*, 394 F.3d at 672. Entertaining this multiparty suit would also serve to further one of the purposes of the Declaratory Judgment Act, to "avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligation of the litigants." *Seattle Audubon Soc.*, 80 F.3d at 1405. "[I]f a case can be settled most expeditiously in the federal court, numerous courts have ruled that they should exercise discretion to assume jurisdiction." 10B Wright & Miller, Fed. Prac. & Proc. Civ. § 2759. Under the circumstances, the Court does not find any convincing reason to dismiss the declaratory relief claim.

On the arguments submitted to the Court in Kittinger's motion, the Court declines to exercise its discretion to dismiss sixth cause of action for declaratory relief.

## V. CONCLUSION AND ORDER

For the reasons set forth above, Kittinger's motion to dismiss, ECF No. 45, the sixth cause of action for declaratory relief in the Third-Party Complaint is DENIED.

IT IS SO ORDERED.

Dated: **February 10, 2019**　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE

---

provides for contributory fault in this context as the parties have not briefed it. To the extent that there is a reference in the TPC to the Third-Party Defendants being "potential claimants" Rule 14 provides for joining parties who "*may be liable to [a defending party] for all or part of the claim against it*." Fed. R. Civ. P. 14.

11