# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL GONZALEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAG TRUCKING, INC. *et al*, <br><br> Defendants. | 1:18-cv-01046-LJO-JLT <br><br> **MEMORANDUM DECISION AND ORDER RE DEFENDANT JAG TRUCKING, INC. AND JOSHUA NICHOLSON'S MOTION TO AMEND TO JOIN PARTIES** <br> **(ECF No. 73, 82)** |

## I. INTRODUCTION

This action stems from a motor vehicle accident that occurred on May 8, 2018, involving multiple vehicles on northbound Interstate Highway 5 ("I-5"), one mile south of Grapevine Road in Kern County, California. On June 14, 2018, Plaintiffs Leonel Gonzalez and Jonathan Basulto (collectively "Plaintiffs") sued Defendants JAG Trucking, Inc. ("JAG") and Joshua Nicholson (collectively "Defendants") in Superior Court of the State of California, County of Kern. ECF No. 1, Ex. A. The complaint generally alleges that Defendants negligently owned or operated a tractor trailer which caused Plaintiffs' personal and property damages, in connection with the accident. *Id*. On August 9, 2018, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, submitting that both Plaintiffs are citizens of California and both Defendants are citizens of Oregon. *Id.* at 2. Defendants answered the complaint on August 16, 2018, ECF No. 4, and filed a "Cross-Claim" impleading Juan Carlos Hernandez & Francisco Javier Jimenez Tapia d/b/a Pitufos Transport ("Pitufos"), alleging that Pitufos was the proximate cause of any alleged injuries to Plaintiffs and stating five causes of action,

including equitable and implied indemnity, apportionment of fault, contribution, and declaratory relief. ECF No. 5.

The Defendants then filed a first amended "Cross-Claim," naming, in addition to Pitufos, seventeen additional "cross-defendants" by way of a sixth cause of action for declaratory relief. ECF No. 8.[1] The additional Third-Party Defendants include: (1) Jose Alvarado, (2) Juana Leuvano, (3) Leah Alvardo, (4) Andrew Lerma, (5) Frank Lopez, (6) Isiah Gonzalez, (7) Stephanie Rutherford, (8) Noelle Krawiec, (9) Andres Krawiec, (10) Rafael Martinez, (11) Eduardo Guardia, (12) Stephen Fisher, (13) Todd Kittinger,[2] (14) Martin Gomez, (15) Mark Blanchard, (16) Ana Rodriguez, and (17) Gilberto Rodriguez. *Id.* at 10. These individuals were allegedly either drivers or passengers of other vehicles involved in the May 8, 2018 collision; Defendants claim that these seventeen Third-Party Defendants "are potential <u>claimants</u> in the underlying lawsuit filed by Plaintiffs herein." *Id.* at ¶ 74 (emphasis added). The Third-Party Complaint further contends that Defendants JAG and Nicholson "desire a judicial determination of the percentage or ratio of contributing fault as between all parties so that the actual contributing fault of each party can be determined" and that "[d]eclaratory relief is necessary and appropriate at this time in order to avoid multiplicity of suits and circuit [*sic*] of actions and in order that all parties may ascertain their rights and duties." *Id.* at ¶¶ 76-77. As the basis for jurisdiction in its TPC against these eighteen Third-Party Defendants, Defendants submit that there is original jurisdiction under 28 U.S.C. § 1332 and additionally submit that "[a] defendant may implead a Third-Party Defendant who is of the same citizenship as the plaintiff without destroying diversity if ancillary jurisdiction over the third-party claim is present. (F.R.C.P. 14)." *Id.* at ¶¶ 11, 13.

Of the eighteen Third-Party Defendants named in the TPC, Todd Kittinger made a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the sixth cause of action against

---

[1] For the sake of clarity, the Court refers to the "Cross-Claim" as the Third-Party Complaint ("TPC") as it appears Defendants are utilizing Rule 14 to implead these additional parties. *See* ECF No. 8 at ¶¶ 13, 73. The impleaded parties will be referred to as the "Third-Party Defendants."

[2] Mr. Todd Richard Kittinger was erroneously sued as Todd Richard Kittenger (herein "Kittinger"). ECF No. 45-3 at 2.

2

seventeen Third-Party Defendants, which this Court denied. ECF No. 69.[3]

On March 12, 2019, Defendants JAG and Nicholson moved to amend the TPC requesting to join four additional parties. ECF No. 73. In their original motion, Defendants cursorily cited to Rules 19(a) and 20 without explanation of how either of these rules support their motion to amend. *Id.* The Court, after preliminarily reviewing the motion, ordered Defendants to file a proposed second amended TPC and a supplemental brief clarifying the basis for the motion to amend, including an explanation of whether leave to amend is appropriate under Rule 15 and whether joinder of these additional parties is appropriate under the Rules cited in their motion. ECF No. 79. The Defendants filed a supplemental brief on March 26, 2019 along with a proposed second amended "Cross-Claim," referred to herein as the second amended TPC or proposed TPC. ECF No. 82. No oppositions have been filed to the motion to amend and the matter was taken under submission on the papers pursuant to Local Rule 230(g).

## II. <u>LEGAL STANDARD</u>

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider certain factors when assessing the propriety of a granting a party leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended the pleading. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The factors do not carry equal weight; prejudice to the opposing party is the most important, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186. "In the

---

[3] Mr. Kittinger argued in his motion to dismiss that the "Sixth Cause of Action would be better stated as an Interpleader cause of action pursuant to [Rule] 22 and not a Declaratory Judgment cause of action pursuant to [Rule] 57" and additionally argued that the Court should exercise its discretion to not entertain the declaratory judgment cause of action. ECF No. 45-3 at 4-6. Due to lack of support for his arguments and lack of analysis of the factors Courts consider in deciding whether to exercise discretion under the Declaratory Judgment Act, the Court Denied the motion to dismiss. *See generally* ECF No. 69.

3

absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). District courts may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.*

### III. DISCUSSION

Unfortunately, despite the requested supplemental briefing, the procedural mechanism Defendants are attempting to utilize to join these four additional parties remains wholly unclear.[4] Defendants JAG and Nicholson have made a motion to amend the TPC to join four additional parties to the sixth cause of action for declaratory relief: Enterprise Holdings, Inc. ("EHI"), Avis Budget Group, Inc. ("ABGI"), DPWN Holdings, Inc. ("DPWN"), and Progressive County Mutual Insurance Company ("Progressive"). ECF No. 82 at 2-3.[5] Defendants' supplemental briefing submits that the subject accident was a 12-vehicle collision on northbound I-5, involving a total of 20 drivers and passengers. *Id.* at 2. The occupants of four of the 12 vehicles declined any personal injury claims or involvement in the litigation "leaving open only their respective property damage claims." *Id.* EHI rented out a vehicle to Rafael Martinez. ABGI rented out a vehicle to Eduardo Guardia. DPWN owned a vehicle that was operated by its employee, Martin Gomez, and another employee, Mark Blanchard, was a passenger. Progressive insured a vehicle involved in the subject incident which was operated by Ana Rodriguez with Gilberto Rodriguez as a passenger. These four additional parties - EHI, ABGI, DPWN, and Progressive – seek (thus far outside this forum) to recover repair costs from Defendants for the property damages to their

---

[4] Defendants original motion to amend indicated that it was relying on Rule 19 or 20 for joining these additional parties. ECF No. 73 at 2-3. However, while the supplemental brief discusses Rule 15 and Rule 20, the proposed second amended TPC exclusively relies on Rule 14. Accordingly, the Court credits the allegations in the proposed complaint's reference to Rule 14 as the purported basis for joining these four parties rather than the briefing which curiously does not mention Rule 14.

[5] Defendants indicate that EHI is the parent corporation of National Car Rental and ABGI is the parent corporation for Avis Car Rental. ECF No. 82 at 2.

4

vehicles that were involved in the collision. *See Id.* at 3-4; *see also* ECF No. 82-1 at ¶¶ 60, 64, 74, 80. Defendants represent that the drivers and passengers of these vehicles will be dismissed from the action since they have declined any personal injury claims. *Id.*[6] In contrast to the representations in the brief that this additional parties have claims against the Defendants, the proposed second amended TPC cites Rule 14 as the basis for impleading these Defendants. ECF No. 82-1 at ¶ 81. The proposed TPC states that Defendants "desire a judicial determination of the percentage or ratio of contributing fault as between all parties so that the actual contributing fault of each party can be determined." *Id.* at ¶ 84. However, the proposed TPC also states that this parties are "potential claimants" and Defendants deny responsibility for any injures to these parties while also indicating that the additional four parties are seeking to recover repair costs to their vehicles. *Id.* at ¶ 82; *see also* ¶¶ 60, 64, 74, 80.

Despite citing and briefing Rule 20 in their supplemental brief,[7] the proposed TPC only cites to Rule 14 as the basis for joining these four parties. Therefore, the Court considers whether to grant the motion to amend based on the requirements of Rule 14. As this Court previously indicated, to the extent that there is a reference in the TPC to the Third-Party Defendants being "potential claimants," Rule 14 provides for joining parties who "*may be liable to [a defending party] for all or part of the claim against it.*" Fed. R. Civ. P. 14; ECF No. 69 at 10, n.6.[8] "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or

---

[6] While Defendants' supplemental briefing indicates that Rafael Martinez, Eduardo Guardia, Martin Gomez, Mark Blanchard, Ana Rodriguez, and Gilberto Rodriguez will be dismissed from this action, these third-party defendants appear to still be named in the sixth cause of action in the proposed second amended TPC submitted in conjunction with Defendants' brief. ECF No. 82-1 at 10. If the Defendants intend to dismiss these Third-Party Defendants, the second amended TPC should reflect this upon filing.

[7] The Court prompted the Defendants to file a supplemental brief to clarify the basis of its motion to amend, which initially cited Rule 19(a) as well as Rule 20 without explanation for the rules' application to the facts of this case. *See* ECF Nos. 73, 79.

[8] As this Court also previously indicated, "[i]t is well settled that Rule 14 creates no substantive rights to reimbursement, contribution or indemnity, but merely simplifies procedure, where such a right exists, by allowing its determination at the trial of original claim." *Banks v. City of Emeryville*, 109 F.R.D. 535, 541 (N.D. Cal. 1985) (internal quotation marks and citation omitted). Substantive rights to contribution or indemnity are determined by state law. *Id.* The Court does not reach the issue of whether the substantive law of California provides for contributory fault in this context of passengers, car rental companies, or insurers, as the Court presently has no arguments before it in this regard.

derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (quoting 6 Wright & Miller, Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). To the extent that the proposed TPC attempts to implead EHI, ABGI, DPWN, and Progressive for liability to Defendants for Plaintiffs' claims, the Court will allow amendment without reaching the question of sufficiency of the proposed TPC and whether the substantive of law of California permits for such liability. Such questions would be better resolved on a motion to dismiss. *See, e.g.*, *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

However, as mentioned, Defendants' briefing and portions of the proposed second amended TPC suggest that Defendants are seeking to join these parties as potential <u>claimants</u> (i.e., for any claims these parties may have against the Defendants). This is not the appropriate use of Rule 14. Whether EHI, ABGI, DPWN, and/or Progressive have property damages claims against Defendants does not support that these parties *may be liable to Defendants for all or part of <u>Plaintiffs'</u> claims against them. See* Fed. R. Civ. P. 14. It remains unclear to the Court what Defendants are attempting to do in adding these parties and whether they are being joined solely as parties who may be liable to Defendants for Plaintiffs' claims under Rule 14 or whether they are being joined by some other mechanism or for some other purpose. As the proposed second amended TPC does not cite any procedural mechanism by which it can join EHI, ABGI, DPWN, and Progressive as potential <u>claimants</u>, amendment to include such claims is not appropriate because the Court cannot determine at this time whether any such claims would be futile. The supplemental briefing does not provide support for this type of joinder being appropriate under Rule

20.[9]

In sum, because there is a "possible scenario under which the third party defendants may be liable for all or part of the defendants' liability to the plaintiffs[,]" *Banks*, 109 F.R.D. at 540, the Defendants are permitted to amend to the extent the TPC implicates Third-Party Defendants liability for Plaintiffs' claims for personal and property damages against Defendants in relation to the multivehicle accident.[10] Amendment in this regard to join additional parties is not obviously futile since it is not clearly subject to dismissal. *See SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086 ("an amendment is 'futile' only if it would clearly be subject to dismissal").

In addressing the remaining factors considered when granting a motion to amend, Defendants submit that the Rule 15 factors of bad faith, undue delay, prejudice to opposing party all weigh in favor of granting leave to amend. ECF No. 82 at 4.[11] Defendants further submit that adding these four additional parties does not affect the Court's jurisdiction and will not prejudice any of the involved parties given the early stage of the proceedings as trial has not yet been scheduled and discovery does not close for months. *Id.* at 7. Defendants contend that adding these parties will streamline the litigation by ensuring

---

[9] The Court is not aware of any authority permitting a Defendant to utilize Rule 20 to join all potential plaintiffs in a case and Defendants have not presented any authority supporting this proposition. Nor does the language of the Rule 20 clearly lend itself to such an interpretation. *Compare* Rule 20(a)(1) (providing "*Persons may join* in one action as plaintiffs…") *with* Rule 20(a)(2) (*Persons. . . may be joined* in one action as defendants…") (emphasis added).

[10] *See, e.g.*, *Doland v. Berrios*, No. 1:11-CV-1783, 2012 WL 6137489, at *1 (M.D. Pa. Dec. 11, 2012) (previously finding the requirements of Rule 14(a) were satisfied and allowing filing of third-party complaint joining three third party defendants who were allegedly involved in multi-vehicle accident on a Pennsylvania interstate and finding their joinder would "promote efficiency, avoid circularity, and eliminate the potential for duplicative litigation" and noting "motions for joinder should be freely granted to effectuate the purposes of the impleader rules") (citation omitted); *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 847-48 (M.D. Pa. 1985) (plaintiffs filed action against boat manufacturer for injuries sustained in boating accident and manufacturer filed a third party complaint against owner and operator of boat and court found that "third-party defendants may be liable to [boat manufacturer] for contribution if it is later determined that the third-party defendants 'contributed' to the accident. It is not necessary that the third-party defendants be automatically liable for all or part of plaintiffs' claim. *Impleader is proper if under some construction of facts which might be adduced at trial, recovery by the third-party plaintiff would be possible*.") (emphasis added) (footnote omitted).

[11] Specifically, Defendants state that they only recently became aware that the proposed additional parties sought to assert property damage claims against them and that the occupants of the respective vehicles were not seeking personal injuries. Defendants then sought to meet and confer with those entities prior to filing this motion. ECF No. 82 at 4. As indicated herein, this reason for joining these additional parties is not permitted pursuant to Rule 14 and Defendants do not provide another procedural basis to join them for this purpose. The Court reminds the Defendants that it is their responsibility to clearly indicate what their intent is and diligently research the appropriate procedural mechanism to achieve such intent to join such parties before filing motinos. These claims will be limited to the contribution claims that are properly brought pursuant to Rule 14.

7

litigations in a single suit rather than necessitating the need for a separate action over the claims. *Id.* at 5. Additionally, none of the parties have opposed the amendment or given any indication that they will be prejudiced in any way by the joinder of these parties. *See, e.g., DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) (noting that "[t]he party opposing amendment bears the burden of showing prejudice."). In addition, the Court does not find that Defendants are acting in bad faith or that there was undue delay.

Given the liberal standard in granting a motion to amend and the fact that amendment is not obviously futile (at least with regard to potential claims pursuant to Rule 14), the Court will grant the motion to amend as delineated herein. The Court will not attempt to wade into the details and sufficiency of the claims and will not consider the appropriateness of the contribution claims under California law in the context of this unopposed motion to amend. *See, e.g.*, 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1448 (3d ed.) ("If the governing substantive law recognizes a right of contribution, impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors. The availability of impleader enables the right of contribution to be litigated concurrently with the main claim.") (footnotes omitted). Joinder in the context of allowing Defendants to implead third party defendants that may be liable in the multivehicle accident will also generally comport with the purpose of the Rules. *See generally United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (noting "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (purpose of Rule 14 is "to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all interested parties in one suit.")

However, if Defendants intend to extend their claims against the Third-Party Defendants to include liability other than for contribution to the claims brought by Plaintiffs against Defendants, they must clearly delineate a proper basis for the joining of such claims to this lawsuit only as permissible

under the Rules.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, Defendants JAG and Nicholson's motion to amend the TPC, ECF No. 73, is GRANTED to the extent it attempts to implead parties that may be liable under Rule 14. Defendants shall file the amended TPC within fourteen (14) days of the date of this Order. The Defendants should ensure that the filed TPC reflects the proper parties and that the continued reference to potential claimants and claims not brought pursuant to Rule 14 are removed.

IT IS SO ORDERED.

Dated: **May 3, 2019** /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE