UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL GONZALEZ and JONATHAN BASULTO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAG TRUCKING, INC. et al.,<br><br>Defendants. | **Case No. 1:18-cv-01046 LJO JLT**<br><br>**SECOND ORDER RE: EARLY SETTLEMENT CONFERENCE** |
| AND RELATED CROSS ACTIONS | |

After receiving the request of counsel to set an early settlement conference as well as their assurance that they all wished to have the conference, the Court learned that this was not the case.[1] Though it appears that everyone wants the case resolved, not everyone is willing to compromise to allow that to happen. *See* Doc. 108. After learning this, the Court inquired whether the settlement conference should go forward. (Doc. 108) Counsel filed a joint statement

---

[1] Mr. Kittinger has been the only party to admit this, though the settlement conference statements seem to reveal that many parties seem to think that they should not have to compromise in at least some respect. The statements reveal also, that the parties think the Court can somehow force their opponent(s) to accept a view of the facts they prefer; it not only cannot do this, but it will not do this. Such an effort is roughly equivalent to teaching a pig to sing. To paraphrase Mark Twain, it will not work and will only annoy the pig. Rather, the Court will assist the parties to achieving compromise. However, as set forth in the order setting the conference (Doc. 105), the framework for this compromise must have been developed before the parties arrive at the conference.

2

indicating they agreed that it should. (Doc. 110) Thus, the settlement conference will proceed as scheduled. However, the Court offers one, final admonition: **if there is any party who is unwilling to participate in good faith to resolve this matter—meaning the party is unwilling to compromise to any extent—that party SHALL file a notice setting forth this information no later than January 2, 2020.** Failure to take advantage of this "safe harbor" option will subject any party who fails to participate in good faith to sanctions. This Court lacks the resources and the interest to conduct a settlement conference with recalcitrant parties.

Finally, counsel for Mr. Kittinger has requested that his claims representative be excused from appearing in person at the conference. (Doc. 107) The rationale offered is that because Mr. Kittinger will not compromise his position related to liability, the claims representative is unneeded. Id. The Court agrees there is no point in having the representative present. Having people present who will not assist in resolving the matter wastes the Court's limited time, which impacts the viability of the settlement process.

Thus, the Court **ORDERS**:

1. **No later than January 2, 2020**, if any party will not attend the settlement conference in good faith—meaning, that the party is unwilling to compromise—the party SHALL file a statement indicating this. **Failure to comply with this order may result in the imposition of monetary sanctions**. If any such statement is filed, the remaining parties **SHALL** file a joint report **no later than January 9, 2020** indicating whether the conference should go forward nonetheless.

2. In advance of the conference, the parties were ordered to make offers to settle and to continue to make offers and counteroffers until it was no longer fruitful. (Doc. 105 at 2-3) It appears that this has not occurred. Thus, **no later than January 2, 2020**, the parties **SHALL** respond to each relevant settlement offer with an acceptance or a counteroffer. The offers **SHALL** be continued to be exchanged until doing so appears no longer to be fruitful. **Failure to comply with this order may result in the imposition of monetary sanctions and will result in the Court adjourning the conference**;

3. Mr. Kittinger's request (Doc. 107) is **GRANTED**.

| | |
|---|---|
| 1 | The parties **SHALL** be prepared to respond quickly during the conference and without |
| 2 | lengthy delays to discuss the parties' positions. These discussions should have occurred already |
| 3 | and, if they have not, **SHALL** occur before arrival at the conference. |
| 4 | Despite its earlier position, the Court will not agree to continuing the settlement |
| 5 | conference to a second day, because it appears that the parties and/or their counsel have not |
| 6 | complied with the Court's order related to the ongoing exchange of settlement offers before the |
| 7 | conference. (Doc. 105 at 2-3) The Court will consider extending the conference <u>only</u> if it appears |
| 8 | that substantial progress is being made. |

IT IS SO ORDERED.

Dated: **December 23, 2019**             /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE