**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONEL GONZALEZ and JONATHAN BASULTO,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>JAG TRUCKING, INC. et al.,<br><br>　　　　　Defendants.<br>_____<br><br>AND RELATED CROSS ACTIONS | Case No.: 1:18-cv-01046-NONE-JLT<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTIONS FOR DEFAULT JUDGMENT<br><br>(Docs. 123, 124, 125, 126) |

　　　　Cross-plaintiffs, JAG Trucking, Inc. and Joshua Nicholson seek default judgment against cross-defendants, Frank Lopez, Isaiah Gonzalez, Jose Alvarado and Juana Leuvano. (Docs. 123, 124, 125, 126.) No opposition was filed or served by Frank Lopez, Isaiah Gonzalez, Jose Alvarado or Juana Leuvano. (See Doc. 127 at 2.) For the following reasons, the Court recommends the motions for default judgment be **GRANTED**.

**I.　　Relevant Procedural History**

　　　　Frank Lopez was properly served on September 18, 2018 (Doc. 123 at 2), Isaiah Gonzalez was properly served on October 22, 2018 (Doc. 124 at 2), Jose Alvarado was properly served on January 15, 2019 (Doc. 125 at 2), and Juana Leuvano was properly served on January 15, 2019 (Doc. 126 at 2). A clerk's certificate of default was entered on January 29, 2019 for Frank Lopez and Isaiah Gonzalez (Docs. 123, 124 at 2), and on March 13, 2019 for Jose Alvarado and Juana Leuvano (Docs.

1

125, 126 at 2). Accordingly, cross-defendants are legally presumed to be aware of this action, but have not timely appeared. (Docs. 123, 124, 125, 126 at 2.) Additional cases were also filed with respect to the accident: Rutherford v. Jag Trucking, Inc., et al., Superior Court of California, County of Kern, Civil Case Number BCV-18-102686; and Noelle Krawiec, et al. v. Jag Trucking, Inc., et al. Superior Court of California, County of Kern, Civil Case Number BCV-19-101424. (Id. at 2-3.) This matter was resolved globally by and through federal court mediation on January 13, 2020. (Id. at 3.)

## II. Legal Standards Governing Entry of Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 11 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment." Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. Id. at 1472.

## III. Cross-Plaintiffs' Allegations

The Court accepts cross-plaintiffs' factual assertions as true because default has been entered

against cross-defendants. See Pope, 323 U.S. at 12. This case arises from a May 8, 2018 multi-car accident on the I-5 at the Grapevine. (Docs. 123, 124, 125, 126 at 4.) Leonel Gonzalez and Jonathan Basulto brought a negligence and negligent infliction of emotional distress action against Defendants, JAG Trucking, Inc. and Joshua Nicholson, who then cross complained against Juan Carlos A Hernandez and Francisco Javier Jimenez Tapia dba Pitufos Transport. (Id.) Defendants later amended their cross complaint to add all involved parties through a declaratory relief cause of action. (Id.)

Additional cases were also filed with respect to the accident: Rutherford v. Jag Trucking, Inc., et al., Superior Court of California, County of Kern, Civil Case Number BCV-18-102686; and Noelle Krawiec, et al. v. Jag Trucking, Inc., et al. Superior Court of California, County of Kern, Civil Case Number BCV-19-101424. (Id.) These matters were resolved globally by and through federal court mediation on January 13, 2020. (Id.)

Although cross-defendants were properly served with the first amended cross complaint, no response to the first amended cross complaint was timely proffered nor did cross-defendants make any attempt to assert affirmative relief independently. (Id.)

**IV.     Discussion and Analysis**

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting Plaintiffs' motions for default judgment.

A.     Prejudice to cross-plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See Pepsico, Inc., 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. Id.; Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds cross-plaintiffs would be prejudiced if default judgment is not granted.

B.     Merits of cross-plaintiffs' claims and the sufficiency of the cross complaint

Given the kinship of these factors, the Court considers the merits of cross-plaintiffs' substantive claims and the sufficiency of the cross complaint together. See J & J Sports Productions v. Hernandez, 2010 U.S. Dist. LEXIS 48191, at *3, n. 4 (E.D. Cal. May 17, 2010). The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff

may recover." Pepsico, Inc., 238 F.Supp.2d at 1175 (citing Kloepping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786, at *6 (N.D. Cal. Feb. 14, 1996)).

Cross-plaintiffs allege that the cross complaint pleads facts sufficient as a matter of law to establish cross-defendants' possible contributing liability from the May 8, 2018 multi-vehicle accident. (Docs. 123, 124, 125, 126 at 7.) Cross-plaintiffs also set forth that "these factors are of far less weight in light of cross-plaintiffs' request for default against cross-defendant[s] and each of his successors, affiliates, heirs, and/or assigns to take nothing by way of any affirmative claim or defense due to cross-defendant[s'] failure to appear in the action." (Id.) These factors weigh in favor of entry of default judgment.

C.   Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." Pepsico, Inc., 238 F.Supp.2d at 1176. When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. See Eitel, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

Cross-plaintiffs are not seeking an award of monetary damages in this case, but rather, that cross-defendants take nothing. (Doc. 123, 124, 125, 126 at 7.) Thus, this factor weighs in favor of entry of default judgment.

D.   Possibility of dispute concerning material facts

There is no evidence of a genuine issue of material fact because the Court accepts the factual allegations in the cross complaint as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Notably, the cross-defendants have submitted nothing to contradict them.

The cross-plaintiffs served cross-defendant Frank Lopez on September 18, 2018, Isaiah Gonzalez on October 22, 2018, Jose Alvarado on January 15, 2019, and Juana Leuvano on January 15, 2019, and the cross-defendants were given ample opportunity to respond to the cross complaint and to participate in the proceedings. After cross-plaintiffs moved for default judgment, cross-defendants still failed to respond. Accordingly, this factor weighs in favor of granting default judgment.

///

E.	Whether default was due to excusable neglect

The sixth Eitel factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. Eitel, 782 F.2d at 1471-72. Cross-plaintiffs properly served cross-defendants with the summons and cross complaint, yet cross-defendants made no appearance in this matter and failed to respond to the present motions. There is no suggestion that this failure is due to excusable neglect. See Shanghai Automation Instr. Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect). Thus, this factor also weighs in favor of entry of default judgment because cross-defendants have failed to make any appearance in this case.

F.	Policy favoring decisions on the merits

The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. Eitel, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, given cross-defendants' failure to appear or respond in any way, this factor does not preclude entry of default judgment. Id., at 393.

**V.	Findings and Recommendations**

Based on the foregoing analysis, the Eitel factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. See Aldabe, 616 F.2d at 1092. Based upon the foregoing, the Court **RECOMMENDS** that cross-plaintiffs' motions for default judgment be **GRANTED** (Docs. 123, 124, 125, 126).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

5

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991); <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **June 9, 2020**                        /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE